UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | CIVIL ACTION No. 2:06-cv-01594 |
| COMPLAINT OF G.M. CRAIN | § | |
| RIVER TOWING, INC., AS OWNER | § | ADMIRALTY/RULE 9(h) |
| OF THE M/V ROY L, FOR | § | |
| EXONERATION FROM AND/OR | § | Judge Lancaster |
| LIMITATION OF LIABILITY | § | |
| | § | Electronically Filed |

### ORDER GRANTING MOTION FOR: (1) APPROVAL OF (i) *AD INTERIM* STIPULATION FOR VALUE AND COSTS and (ii) LETTER OF UNDERTAKING; (2) DIRECTING ISSUANCE OF REQUIRED NOTICE; AND (3) ISSUANCE OF INJUNCTION ENJOINING COMMENCEMENT OR FURTHER PROSECUTION OF ACTIONS

Plaintiff, G.M. Crain River Towing, Inc. ("G.M. Crain"), as owner of the M/V ROY L,

has filed a Motion for an Order: (1) approving its (i) *Ad Interim* Stipulation For Value And Costs

and (ii) Letter of Undertaking; (2) directing issuance of the required Notice; and (3) immediately

restraining the commencement or further prosecution of any and all actions, suits, or legal

proceedings against Plaintiff and its affiliates, owners, shareholders, officers, employees, and

property, including its vessels, and against its insurers and underwriters, with regard to any and

all claims and causes of action which arise from or relate to, directly or indirectly, the matters

addressed in the Complaint Plaintiff has filed under 46 U.S.C.App. §183, *et seq.*, known as the

Vessel Owners Limitation of Liability Act ("the Act"), and Rule F of the Supplemental Rules for

Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule F"). [1]

The Court finds that Plaintiff has filed appropriate Verifications attesting to the value of

its interest in the vessel, the M/V ROY L, together with pending freight at the conclusion of this

---

[1] The Vessel Owners Limitation of Liability Act and many other provisions within the Appendix to Title 46, U.S. Code, were recently recodified by PL 109-304, October 6, 2006, 120 Stat 1485  Therefore, 46 U.S.C.App. §183, *et seq.*, now appears at 46 U.S.C. §30501, *et seq*  The substance of the statutory provisions has not been altered by the recent recodification.

vessel's voyage on February 10, 2006, and an appropriate *Ad Interim* Stipulation for Value and Costs, and Letter of Undertaking, in accordance with established practice under the Act, Rule F, and Local Admiralty Rules.

Accordingly, it is ORDERED that the *Ad Interim* Stipulation for Value and Costs and the Letter of Undertaking filed by Plaintiff in the amount of $45,829.68 (FORTY-FIVE THOUSAND EIGHT HUNDRED TWENTY-NINE DOLLARS AND SIXTY-EIGHT CENTS), together with interest at the rate of six (6) percent per annum, and security for costs of court in the amount of $250.00 (TWO HUNDRED AND FIFTY DOLLARS), is accepted and approved as to form, quantum, and surety.

It is further ORDERED that the above-described *Ad Interim* Stipulation for Value and Costs be accepted as an *Ad Interim* Stipulation for the purpose of this Limitation of Liability Act proceeding and that such is approved as to form, quantum, and surety.

It is further ORDERED, in accordance with Rules F(4) and F(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, that Notice shall issue out of and under the seal of this Court to all persons, companies, and other entities asserting claims with respect to which Plaintiff's Complaint seeks exoneration from and/or limitation of liability, admonishing them to file their respective claims, in writing (attorneys for claimants are required to file the claims using the Electronic Filing System) with the Clerk of this Court and to also serve a copy on attorneys for Plaintiff on or before the 16th of February, 2007, and requiring any claimant who wishes to contest either the right to exoneration from liability or the right to limitation of liability to file and serve on Plaintiff's counsel an answer to the Complaint, unless the claim has included an answer, on or before the 16th day of February, 2007, or be forever barred and defaulted.

It is further ORDERED that counsel for Plaintiff shall cause the above-described Notice to be published in the *Pittsburgh Post-Gazette*, a newspaper of general circulation in the city of Pittsburgh, Pennsylvania, once each week for four (4) consecutive weeks prior to the date fixed for filing of claims, as set forth in said Notice.

It is further ORDERED that, not later than the day of second publication of the above-described Notice, Plaintiff's counsel shall serve the above-described Notice and a copy of this Order by certified mail, return receipt requested, postage prepaid, upon counsel for Mr. Fredric Megill and any other persons or parties who have asserted a claim against Plaintiff arising out of the events described in Plaintiff's Complaint.

It is further ORDERED that the commencement or prosecution of any and all suits, actions, and legal proceedings of any nature against Plaintiff and its affiliates, owners, shareholders, officers, employees, and property, including its vessels (including but not limited to the M/V ROY L), and against its insurers and underwriters, with regard to any and all claims and causes of action which arise from or relate to, directly or indirectly, the matters addressed in Plaintiff's Complaint are hereby ENJOINED and RESTRAINED, pending the hearing and determination of this proceeding.

Date: _____ /0, 2006.

JUDGE LANCASTER